J-S04025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUNIOR THOMPSON | : | |
| | : | |
| Appellant | : | No. 1411 EDA 2024 |

Appeal from the PCRA Order Entered April 12, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0205831-1991

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JULY 8, 2025**

Appellant, Junior Thompson, appeals from the April 12, 2024, order of the Court of Common Pleas of Philadelphia County, which dismissed as untimely his petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and the procedural history of this case are undisputed.

The record indicates that Laura Bickerstaff, Ainsworth Kerr, Yolanda Gillian, and murder victim Vivian Smickle were walking on the 700 block of North 46th Street in Philadelphia when a black Camaro pulled into a nearby parking lot.  The car was occupied by two men: [Appellant] and the driver, a man Ms. Bickerstaff knew only as "Danny."  The men got out of the car and walked together toward the victims.  As they did so, [Appellant] handed a large automatic weapon, resembling an assault rifle or a machine gun, to "Danny."  With [Appellant] by his side, "Danny" pointed the weapon at Vivian Smickle and shouted, "Drop to the ground." Thereafter, the gunman shot Smickle twice in the back with a .30

_____

[*] Retired Senior Judge assigned to the Superior Court.

caliber round, killing him. [Appellant] and "Danny" then advanced on Yolanda Gilliam and Ainsworth Kerr as they tried to run away. Kerr saw [Appellant] reach into his waist area. A barrage of more than a dozen shots followed, and Kerr was hit twice. Meanwhile, Laura Bickerstaff had managed to run inside a building, where she heard two distinct guns being fired. Laura Bickerstaff positively identified [Appellant] as the man who handed "Danny" the gun immediately before the shooting.

PCRA Court Opinion, 4/12/2024, at 2, n. 1 (citations to the record omitted).

A jury found Appellant guilty of first degree murder, aggravated assault, possession of an instrument of crime, and two counts of criminal conspiracy. Following the jury's verdict, the trial court sentenced Appellant to life imprisonment on the first degree murder charge, with concurrent terms of five to ten years on the remaining charges. The Superior Court affirmed the judgment of sentence. *See Commonwealth v. Thompson*, No. 3892 Phila. 1992, unpublished memorandum (Pa. Super. May 31, 1994). Our Supreme Court affirmed the judgment of sentence on March 28, 1996. *See Commonwealth v. Thompson*, 674 A.2d 217 (Pa. 1996).

Appellant filed the underlying petition on October 1, 2021. In his petition, Appellant alleged, *inter alia*, that the underlying petition was timely under the newly discovered facts exception, namely that the discovery of a witness, Yolanda Gilliam, was coerced by Detective Worrell to falsely testify at trial. The PCRA court denied relief on April 12, 2024. This appeal followed.

On appeal, Appellant argues that the PCRA court erred/abused its discretion in finding that his underlying petition did not meet the newly-

discovered facts exception.[1]  For the reasons explained below, we conclude that the PCRA court did not err or abuse its discretion in finding the underlying petition untimely.

Our standard of review from a PCRA court's determination is well settled. We must determine whether the ruling of the PCRA court is supported by the record and free of legal error.  *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citing *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011).  We consider the record in the light most favorable to the prevailing party.  *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015).  When supported by the record, this Court is bound by the PCRA court's credibility determinations.  *Commonwealth v. Burton*, 158 A.3d 618, 627 n.13 (Pa. 2017).  However, we afford no such deference to the PCRA court's legal conclusions, thus, applying a *de novo* standard of review to such rulings. *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011).

---

[1] The issues raised/addressed in the brief before us do not match the issues raised/addressed in the underlying PCRA petition.  Accordingly, we address only the issues raised/addressed in the underlying PCRA petition.

It is undisputed that the underlying petition is facially untimely.[2]   The only matter to be considered is whether Appellant met the requirements of the newly discovered facts exception.[3]  He has not.

This Court has explained:

The [newly-discovered facts] exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. . . . Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

. . . [A]s an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts.  *See* 42 Pa.C.S.A. § 9545(b)(1)(ii).  Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim.  *See* 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under [the] PCRA, petitioner must plead and prove by a preponderance of evidence that [the] conviction or sentence resulted from, *inter alia*, unavailability at the time of trial of exculpatory evidence that has

_____

[2] Appellant's sentence became final on June 26, 1996, when the ninety-day period to petition for certiorari expired.  *See* U.S. S. Ct. R. 13.1 (allowing 90 days to petition for certiorari).  Appellant, therefore had until June 26, 1997, to file the underlying petition, but he did not do so until October 1, 2021, approximately twenty-four years too late.  In passing, we also note that because the underlying PCRA petition was not filed by January 16, 1997, the petition does not qualify for the grace *proviso*.  *See Commonwealth v. Alcorn*, 703 A.2d 1054, 1056–1057 (Pa. Super. 1997) (explaining application of PCRA timeliness *proviso*).

[3] In his brief before us, Appellant discussed both exceptions, the governmental interference exception and the newly discovered facts exception.  However, in his PCRA petition, Appellant advanced only the newly discovered facts exception.  Accordingly, our review will be limited to the newly discovered facts exception.

subsequently become available and would have changed [the] outcome of trial if it had been introduced).

. . . Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

*Commonwealth v. Brown*, *G. L.*, 111 A.3d 171, 176 (Pa. Super. 2015)

(some citations omitted).

In an attempt to establish the newly-discovered fact[s] exception . . ., [Appellant] is averring that he recently discovered that a witness, Yolonda Gilliam, was "coerced" by Detective Worrell to falsely testify at trial. More precisely, [Appellant] contends that [Detective] Worrell utilized unlawful tactics, consisting of threats and coercion, to persuade Gilliam to provide false testimony. In support of these alleged "facts," [Appellant] appended to his PCRA petition: i) a statement obtained from "Tri State Detective Agency" purportedly given by Gilliam; ii) various Philadelphia Daily News articles discussing, *inter alia*, alleged police misconduct committed by detectives in the Walter Ogrod investigation, and iii) unrelated court documentation.

PCRA Court Opinion, 4/12/2024, at 2 (unpaginated) (citations to the record omitted, footnote omitted).

The PCRA court addressed the newly-discovered facts as follows:

[Appellant] failed to specify what Ms. Gilliam "falsely" testified to, nor did she provide or volunteer any further explanation. Rather, the bulk of Ms. Gilliam's statement was that she did not remember what happened, nor did she repudiate her previous testimony. While she does respond affirmatively to the question of whether she was "forced to lie", and that the police told her what to say, she does not specify what she "lied" about, or what facts she was allegedly told to fabricate. [Appellant] seems to be suggesting that Ms. Gilliam came forward on her volition to offer a statement; however, the appended document appears to show that the detective agency contacted her. Ms. Gillian's answers were both elusive, and contradictory. . . . Thus, there is no specific and affirmative recantation of her prior testimony sufficient to

substantiate the purported new 'fact' for purposes of 9545(b)(1)(ii).

PCRA Court Opinion, 4/12/24, at 2-3.

We agree with PCRA's court analysis and conclusions. Here, a review of Gilliam's statement reveals that the information she provided in her new statement is consistent with her original statement and the trial testimony. For example, in her new statement she said that she did not see Appellant give a gun to the shooter or see Appellant commit any crime. PCRA Petition, 10/1/21, Exhibit B, at 2, 4. In fact, she said the same things in her pretrial statement and trial testimony. **See** Commonwealth's Brief at 13 (citing N.T. 10/31/91, at 103, 119-121).

While recantation may qualify as a newly-discovered fact for purposes of the timeliness exception, **see Commonwealth v. Medina**, 92 A.3d 1210, 1217-18 (Pa. Super. 2014), there is no recantation here.[4] In fact, as noted above, Gilliam never changed her version of what Appellant did or did not do on that day. **See** PCRA Court Opinion, 4/12/24, at 2-3

To the extent that Appellant's argument can be construed that the new fact is the discovery of Gilliam being pressured to provide the account of the facts noted in her new statement, it is readily apparent that Gilliam fails to

_____

[4] Recant is defined as "To withdraw or renounce (prior statements or testimony) formally or publicly." Black's Law Dictionary (7th ed. 1999).

identify what she lied about or what facts she was allegedly asked to fabricate. *Id*.

In light of the foregoing, we agree with the PCRA court's assessment that Gilliam's new statement does not qualify as a new fact for purposes of the newly-discovered facts exception.

Additionally, as noted by the PCRA court, Appellant failed to meet the due diligence prong of the newly-discovered facts exception. Indeed, Appellant states that in April 2021 his brother informed him that he hired a private investigator "in an attempt to revisit [his] case." Appellant's Memorandum of Law, attached to the October 1, 2021, PCRA petition. Nowhere, however, does Appellant explain why he waited thirty years to hire a private investigator or why Gilliam's "new" testimony could not have been discovered earlier with the exercise of due diligence. *See* PCRA Court Opinion, 4/12/24, at 3.

Finally, Appellant seems to allege that the newspaper articles discussing alleged misconduct by Detective Worrell in the Ogrod case supports his claim of coercion in the instant claims. We disagree.

In *Commonwealth v. Brown*, *J.*, 141 A.3d 491, 502 (Pa. Super. 2016), we explained that newspaper articles are insufficient to establish a newly-discovered fact exception:

> Our Supreme Court addressed a situation like the one in the case *sub judice* in *Commonwealth v. Castro*, 625 Pa. 582, 93 A.3d 818 (2014). In *Castro*, the petitioner relied upon a newspaper article to establish the newly-discovered fact exception to the

- 7 -

> PCRA's timeliness requirement. Our Supreme Court held that a newspaper "article contain[ed] allegations that suggest such evidence may exist, but allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation." ***Id.*** at 825.
>
> In . . . ***Castro*** . . . [our Supreme Court held that] the newspaper article [merely] referenced [what] could be evidence. ***See id.*** at 827. Thus, there [wa]s no fact within the [article], only information which could lead Appellant to discover facts.

***Brown***, ***J.***, ***supra***, at 502 (emphasis added); citing ***Castro***, ***supra*** (reversing grant of a hearing based on after-discovered evidence because a newspaper article, submitted as the sole support for a new trial, "do[es] not constitute evidence"). In fact, the proposed new evidence must be "producible and admissible." ***Commonwealth v. Chamberlain***, 30 A.3d 381, 414 (Pa. 2011). Thus, the newspapers article(s) Appellant is relying upon do not qualify as newly-discovered facts for purposes of Section 9545(b)(1)(ii). ***Brown***, ***supra***. ***See also Castro***, 93 A.3d at 825 n.11; ***Commonwealth v. Trivigno***, 2021 WL 3465926, at *4 (Pa. Super. filed August 6, 2021).

Accordingly, we conclude that Appellant has not satisfied the newly-discovered fact exception to the PCRA time bar. Because the underlying PCRA petition is untimely, we are barred from entertaining its merits. ***See***, ***e.g.***, ***Commonwealth v. Jones***, 54 A.3d 14, 17 (Pa. 2012) ("The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed.").

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>7/8/2025</u>